UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at London

| | | |
|---|---|---|
| ERIC BARBATI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:25-cv-00216-SCM |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| WARDEN FCI MANCHESTER, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

While incarcerated in this district, Eric Barbati filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  [Dkt. 1, Pet.].  Barbati claims that the Federal Bureau of Prisons ("BOP") is improperly carrying out his sentence by failing to give him sufficient credit for time he spent in state custody.  [Dkt. 1-2, Mem. in Supp. of Pet., at 2–3].  Therefore, Barbati seeks an order directing the BOP to award him the credit he believes he is owed against his federal sentence.  [*Id.* at 17].

Barbati's Petition is, at best, premature.  The BOP recently updated Barbati's sentence and advanced his projected release date from March 21, 2032, to May 5,

---

[1] Barbati is now being held at the Federal Correctional Institution ("FCI") in Beaver, West Virginia (known as "FCI Beckley"). [Dkt. 8-1, Gandy Decl., at 2]. However, since Barbati was incarcerated at FCI Manchester when he filed his Petition, [*see* Dkt. 1, Pet.], this Court retains jurisdiction over this civil action. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

2028.  [Dkt. 8, Resp., at 4–5; Dkt. 8-1, Gandy Decl., at 4–6].  The BOP then informed Barbati that if he was not satisfied with its latest computation, he could "utilize the administrative remedy process."  [Dkt. 8-13, July 3, 2025 Correspondence].  But Barbati did not do so.  Instead, he filed his § 2241 Petition with this Court.  [Dkt. 1]. Since Barbati did not fully exhaust his administrative remedies and has failed to identify any legal authority that would allow him to completely bypass the prison's grievance process, the Court will dismiss his Petition without prejudice.

## I.    Background

In September 2017, law enforcement officials in Pennsylvania arrested Barbati and charged him with multiple state crimes, including but not limited to robbery. [Dkt. 8-1 at 2].  Then, in November 2017, while Barbati was in state custody and his state charges were pending, he was indicted in federal court.  *See United States v. Barbati*, No. 2:17-cr-00325-DSC, at Dkt. 1 (W.D. Pa. Nov. 30, 2017).  Two months later, Barbati was transferred to federal custody, and he eventually pled guilty to four counts of Hobbs Act robbery and two counts of bank robbery.  *Id.* at Dkts. 10, 24. In July 2018, the federal district court held a sentencing hearing and sentenced Barbati to 120 months in prison, and its judgment made no mention of Barbati's state charges.  *Id.* at Dkt. 36.

Less than two months later, in September 2018, Barbati was returned to Pennsylvania state authorities, and his federal judgment was lodged as a detainer. [Dkt. 8-1 at 3].  Barbati then remained in state custody until August 3, 2023, when he was returned to federal custody.  [*Id.* at 4].

At that point, the BOP's Designation and Sentence Computation Center ("DSCC") prepared a sentence computation for Barbati and determined that his federal sentence commenced on August 3, 2023, the day he entered federal custody. [*Id.*; Dkt. 8-8, SENTRY Sentence Report, at 2]. This meant that Barbati's projected release date was March 21, 2032. [Dkt. 8-1 at 4; Dkt. 8-8, at 2]. But Barbati contacted the DSCC and requested that he receive credit toward his federal sentence for time that he spent in state custody. [Dkt. 8-1 at 4; Dkt. 8-9, Apr. 22, 2025 Correspondence].

The DSCC reviewed Barbati's request, including his Pennsylvania records, and it also contacted the federal district judge that sentenced Barbati for his position on the matter. [*See* Dkt. 8-1 at 4–5; Dkt. 8-9; Dkt. 8-11, May 6, 2025 Correspondence]. Eventually, the DSCC updated its records to show that it was: (1) granting Barbati prior custody credit for a nearly 11-month period from 2017 into 2018; and (2) reflecting that Barbati's federal sentence was to run concurrent to his state sentence for 36 months, consistent with correspondence it received from the federal sentencing judge. [Dkt. 8-1 at 5; Dkt. 8-10, Sentence Computation, at 2; Dkt. 8-12, June 26, 2025 Correspondence; Dkt. 8-13]. Given these changes, and the fact that Barbati is projected to earn 499 days of good conduct time while in prison, the BOP advanced Barbati's projected release date to May 5, 2028. [Dkt. 8-1 at 5–6]. The BOP informed Barbati that his sentence computation was being updated and told him that if he was not satisfied, then he could "utilize the administrative remedy process." [Dkt. 8-13].

Barbati, however, did not file an administrative remedy request with the BOP [Dkt. 8-14, Shaw Decl., at 1], a fact he does not dispute. Instead, Barbati filed his

3

§ 2241 Petition with this Court. [Dkt. 1].  Barbati claims that he is still being denied two years of credit against his federal sentence.  [*See id.*].

The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Barbati's Petition, arguing that Barbati failed to exhaust his available administrative remedies, and, in any event, the BOP's updated sentence computation is legally proper.  [*See* Dkt. 8].  Barbati did not file a reply in support of his Petition. This matter is now ripe for a decision.

## II.    Analysis

Barbati has not yet fulfilled the requirement of fully exhausting his administrative remedies, so his Petition must be denied.  The United States Court of Appeals for the Sixth Circuit has made it clear that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241."  *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (quoting *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)).  And the Sixth Circuit has repeatedly said, "[c]omplete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."  *Id.* (quoting *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002)).  This means that Barbati was required to complete the BOP's multi-tiered administrative grievance process before seeking relief in federal court.  Pursuant to that process, if a matter cannot be resolved informally, a prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond.  *See* 28 C.F.R.

4

§§ 542.13(a), 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15(a), 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Here, while the DSCC conducted its sentencing analysis, Barbati did not further pursue the matter via the multi-tiered administrative grievance process as required. Indeed, the U.S. Attorney's Office introduced a declaration from a BOP official who said that Barbati "has not submitted an administrative remedy request during his incarceration with the BOP." [Dkt. 8-14 at 1]. And the U.S. Attorney's Office also filed a BOP administrative remedy retrieval report which confirms that "no remedy data exists for" Barbati. [Dkt. 8-15, SENTRY Remedies Report]. Given this evidence, which Barbati has not refuted, his current request for relief is unavailing.

Barbati does suggest in his Petition that he should be excused from having to pursue his administrative remedies because there would be no purpose served by exhaustion. [Dkt. 1-2 at 4]. But Barbati has neither adequately explained why that would be true here nor identified any legal authority that would allow him to completely bypass the grievance process and instead proceed with a § 2241 Petition in federal court. If anything, case law indicates that a prisoner's appeal to the DSCC regarding the calculation of his sentence "does *not* excuse him from completing the administrative remedy process as set forth in 28 C.F.R. §§ 542.10–19." *Howard v.*

*Warden, FCI Manchester*, No. 6:25-151-KKC, 2025 WL 3002172, at *1 (E.D. Ky. Sept. 4, 2025) (emphasis added); *see also United States v. Oglesby*, 52 F. App'x 712, 714 (6th Cir. 2002) ("Only after a prisoner seeks administrative review of the computation of this credit, . . . *and* has exhausted administrative remedies, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241." (emphasis added)). And, as this Court has explained, administrative exhaustion is important because "(1) it ensures that an agency has an opportunity to review and revise its actions before litigation is commenced and (2) it promotes efficiency because '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *See Howard*, 2025 WL 3002172, at *1 (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

In this situation, where a petitioner has failed to fully exhaust his administrative remedies, dismissal is appropriate. *See Leslie v. United States*, 89 F. App'x 960, 961–62 (6th Cir. 2004). Given this result, the Court need not address the U.S. Attorney's Office's alternative argument that Barbati's Petition should be denied on the merits. *See Bobo v. Bowers*, No. 2:23-cv-02498, 2024 WL 3204466, at *3 n.5 (W.D. Tenn. June 27, 2024) (likewise declining to address a respondent's alternative, substantive argument given that the petitioner's failure to exhaust was dispositive).

## III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Barbati's Petition for a Writ of Habeas Corpus, [Dkt. 1], is **DENIED** and will be **DISMISSED without prejudice**. If necessary, Barbati may file a new habeas petition regarding the matter

raised once he has fully exhausted his administrative remedies (through the BP-11 stage). A separate Judgment will be entered.

Signed this 30th day of June, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky

7